UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEROME PAUL WILSON, | No. CV 20-7687-GW (PLA) |
| Plaintiff, | |
| v. | **ORDER TO SHOW CAUSE RE: DISMISSAL OF ACTION AS TIME BARRED** |
| CALIFORNIA STATE PRISON LOS ANGELES COUNTY, et al., | |
| Defendants. | |

Plaintiff, who presently is held at the California Substance Abuse Treatment Facility in Corcoran, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 on August 20, 2020. Plaintiff prepaid the filing fees. (ECF No. 1). The date on the two signature pages submitted with the Complaint, as well as on the proof of service, is July 2, 2020. (*Id.* at 10, 11, 19). In accordance with the mandate of the Prison Litigation Reform Act of 1995, the Court has screened the Complaint to determine whether the action is frivolous or malicious; or fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c). Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); see also Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013); Pouncil v. Tilton, 704 F.3d 568, 574-75

(9th Cir. 2012).

In the Complaint, plaintiff states that he has filed eight other lawsuits in federal courts while a prisoner. (*Id.* at 1). Attached to the Complaint is a letter plaintiff addressed to the "Clerk of the Court" ("Letter to the Clerk") in which plaintiff references an earlier action plaintiff filed in this Court, Case No. CV 19-8217-GW (PLA). Plaintiff refers to an Order in that earlier action dated November 8, 2019, in which he states he was ordered to pay the filing fees or the case would be dismissed. Plaintiff indicates in his Letter to the Clerk that he is now paying the filing fees in the present action "for the purpose of 'reopening' a civil case claims [sic] under number CV08-05761, the payment is attached, hereto this civil matter under case number CV19-08217-GW(PLA)." (ECF No. 1 at 21). The earlier referenced case, Case No. CV 08-5761, was closed on September 17, 2008, because plaintiff sought leave to proceed without prepayment of the filing fees but made an inadequate showing of indigency.

In the action that plaintiff filed immediately prior to the present action, Case No. CV 19-8217, plaintiff's request to proceed without prepayment of the filing fees was denied in an Order issued on September 30, 2019. (Case No. CV 19-8217, ECF No. 4). In that Order, the Court found that plaintiff's filing history in this Court and in the Ninth Circuit Court of Appeals reflected that plaintiff had had more than three prior actions dismissed for failure to state a claim upon which relief may be granted or that had been found to be frivolous within the meaning of 28 U.S.C. § 1915(g). Accordingly, the Court found that plaintiff was not entitled to proceed in Case No. CV 19-8217 without prepayment of the full filing fees. In the Order of September 30, 2019, plaintiff was ordered to pay the filing fees no later than October 30, 2019, or the action would be dismissed. (*Id.* at 5). Plaintiff did not pay the filing fees in that action prior to the deadline, and he did not ask for an extension of time in which to do so. Accordingly, on November 8, 2019, the District Judge issued an Order Dismissing Case Without Prejudice on the grounds that plaintiff had failed to timely pay the filing fees in accordance with the Court's Order of September 30, 2019. (Case No. CV 19-8217, ECF No. 6). As such, Case No. CV 19-8217 was closed on November 8, 2019. Plaintiff took no further action in that case.

In the present action, plaintiff names as defendants the California State Prison Los Angeles

County ("CSP-LAC"); the California Department of Corrections and Rehabilitation Secretary or Director Tilton; CSP-LAC Warden Ayers; and Captain Kittner, Lieutenant Campbell, Sergeant Gorey, Sergeant Reume, and Officer Soto, all of whom are alleged to have been employed at CSP-LAC. (ECF No. 1 at 6-8). These are the same defendants that plaintiff named in his Case No. CV 19-8217, as well as in another action he filed, Case No. CV 19-7045. These are also the same defendants that he named in his Case No. CV 08-5761 (at ECF No. 2).

The claims in the present action arise from incidents that occurred while plaintiff was incarcerated at CSP-LAC. (*Id.* at 12). Plaintiff alleges incident dates in this action of November 18, 1999, and December 27, 2005. (*Id.* at 6). In the body of the Complaint, plaintiff also alleges incidents on April 5, 2006 (*id.* at 6-7, 13); April 14, 2006 (*id.* at 8, 13); April 28, 2006 (*id.* at 15); June 5, 2006 (*id.* at 16); December 8, 2006 (*id.* at 19); and December 27, 2006 (*id.* at 16). The Complaint in the present action is nearly identical to the complaint plaintiff filed earlier in Case No. CV 19-8217. In Case No. CV 19-8217, the Court found that the complaint in that action was virtually identical to others plaintiff had filed in earlier actions in this Court, in particular, Case No. CV 19-7045 and Case No. CV 08-0054. (See Case No. CV 19-8217, ECF No. 4 at 2). In Case No. CV 19-7045, plaintiff named the same defendants as are named in the present action. Further, in Case No. CV 19-7045, plaintiff raised nearly identical claims alleging violations arising from incidents from 1999 to 2006. (Case No. CV 19-7045, ECF No. 1 at 6, 11-12). In that earlier action, the Court found, in part, that leave to amend would be futile because the alleged violations were barred by the statute of limitations. Plaintiff's Case No. CV 19-7045 was terminated on August 22, 2019. (Case No. CV 19-7045, ECF No. 5).

Plaintiff's present action appears to be an attempt to "re-open" his Case No. CV 19-8217, which was terminated on November 8, 2019, or possibly his Case No. CV 08-5761, which was terminated on September 17, 2008, for an inadequate showing of indigency. Plaintiff does not argue in the present action that he was prevented from timely responding to the Court's September 30, 2019, Order Denying Plaintiff's Request to Proceed Without Prepayment of the Filing Fees that explicitly ordered plaintiff to pay the full filing fees in Case No. CV 19-8217 no later than thirty (30) days from the Order of September 30, 2019. Plaintiff was admonished on

September 30, 2019, that his failure to timely pay the full filing fees would result in the case being dismissed.  (Case No. CV 19-8217, ECF No. 4).  Plaintiff's citing in the current action to the November 8, 2019, Order Dismissing Case in the earlier action for the proposition that he was ordered to pay the filing fees within thirty days of the November Order is incorrect.  (ECF No. 1 at 21).  Indeed, when the November 8, 2019, Order was issued, plaintiff had already missed the deadline to pay the filing fees to prevent the termination of Case No. CV 19-8217.  Plaintiff has presented no basis on which to reconsider the termination of his Case No. CV 19-8217 or, for that matter, the termination of Case No. CV 08-5761.

Regardless of whether plaintiff had argued that good cause exists for his failure to timely pay the filing fees in Case No. CV 19-8217, as the Court has already found in one of plaintiff's earlier cases, Case No. CV 19-7045, the claims that plaintiff has repeatedly alleged in several actions in this Court are barred by the statute of limitations because the claims all arise from incidents that occurred between 1999 and 2006.  (See Case No. CV 19-7045, ECF No. 5).  The earliest possible filing date of the present action is the day on which plaintiff signed his Complaint, July 2, 2020.  (ECF No. 1 at 10, 19).

Federal civil rights claims brought pursuant to § 1983 are subject to the forum state's statute of limitations applicable to personal injury claims.  See, e.g., Bird v. Dep't of Human Servs., 935 F.3d 738, 743 (9th Cir. 2019) (citing Wilson v. Garcia, 471 U.S. 261, 276, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)).  Federal civil rights claims arising in California after 2003 are subject to the two-year limitations period set forth in Cal. Civ. Proc. Code § 335.1.  See, e.g., Maldonado v. Harris, 370 F.3d 945, 954-55 (9th Cir. 2004).  Federal law, however, determines when a civil rights claim accrues.  See McDonough v. Smith, 139 S. Ct. 2149, 2155, 204 L. Ed. 2d 507 (2019) ("the time at which a § 1983 claim accrues is a question of federal law" (internal quotation marks omitted)).  A cause of action typically accrues under federal law as soon as a potential "plaintiff knows or has reason to know of the injury which is the basis of the action."  See Bird, 935 F.3d at 743.  In addition, a federal court must give effect to a state's tolling provisions.  See Hardin v. Straub, 490 U.S. 536, 539, 109 S. Ct. 1998, 104 L. Ed. 2d 582 (1989).  Under California law, the continuous incarceration of a plaintiff is a disability that tolls the statute of limitations for a

maximum of two years. See Cal. Civ. Proc. Code § 352.1 (expressly limiting tolling arising from incarceration to a period not to exceed two years); see, e.g., Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) (California provides for statutory tolling for a period of up to two years based on the disability of imprisonment).

Plaintiff's federal claims herein accrued no later than the day on which he learned of the events that gave rise to a specific civil rights claim. Plaintiff appears to have been continually incarcerated since the accrual of his claims. His uninterrupted incarceration entitles plaintiff to a maximum of two years of statutory tolling. See Cal. Code Civ. Proc. § 352.1(a). Absent other grounds for tolling, therefore, plaintiff had at most four years from the events described in his Complaint to file in court, and his federal claims raised in this action are time-barred because each claim accrued many years prior to July 2016 (four years prior to the date of filing of the instant action).

Accordingly, as the Court has previously found in earlier actions plaintiff filed in this Court raising nearly identical claims against the same defendants, it appears to the Court that the present action must be dismissed without leave to amend because, regardless of plaintiff now submitting the filing fee, plaintiff's claims are barred by the statute of limitations. A pleading may be dismissed on statute of limitations grounds if "the statute of limitations issues are apparent on the face of the complaint." Rivera v. Peri & Sons Farms, Inc., 735 F.3d 892, 902 (9th Cir. 2013). Here, because all of the facts alleged in the Complaint occurred ten or more years prior to the expiration of the statute of limitations, it is clear from the face of the Complaint that plaintiff's federal claims are time-barred. Further, it does not appear that plaintiff will be able to cure this basic deficiency in his claims through amendment. See, e.g., Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper when amendment would be futile); Chaset v. Fleer/Skybox Int'l, LP, 300 F.3d 1083, 1088 (9th Cir. 2002) (denial of leave to amend is not an abuse of discretion if the "basic flaw" in the underlying facts cannot be cured by amendment).

/

/

**Plaintiff therefore is ordered to show cause, no later than September 18, 2020**, why this action should not be summarily dismissed as time-barred. **Plaintiff is advised that his failure to timely respond to this Order to Show Cause, or his failure to show why his action is not time-barred, will result in dismissal of this action with prejudice**.

**IT IS SO ORDERED.**

DATED:   August 28, 2020

*Paul L. Abrams*
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE