JS-6



**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| JEROME PAUL WILSON,<br>Plaintiff,<br>v.<br>CALIFORNIA STATE PRISON LOS ANGELES COUNTY, et al.,<br>Defendants. | No. CV 20-7687-GW (PLA)<br>**ORDER DISMISSING ACTION AS TIME BARRED** |

**I.**

**SUMMARY OF PROCEEDINGS**

On August 20, 2020, plaintiff, who presently is being held at the California Substance Abuse Treatment Facility in Corcoran, California, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff paid the filing fees. (ECF No. 1). The date on the two signature pages submitted with the Complaint, as well as on plaintiff's proof of service, is July 2, 2020. (*Id.* at 10, 11, 19). In accordance with the mandate of the Prison Litigation Reform Act of 1995, the assigned Magistrate Judge screened the Complaint to determine whether the action is frivolous or malicious; or fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).

In the Complaint, plaintiff states that he has filed eight other lawsuits in federal courts while a prisoner. (ECF No. 1 at 1-5). Attached to the Complaint is a letter plaintiff addressed to the "Clerk of the Court" ("Letter to the Clerk") in which plaintiff references an action plaintiff filed in 2019 in this Court, Case No. CV 19-08217-GW (PLA). Plaintiff refers to an Order in the 2019 action dated November 8, 2019, in which he asserts that he was ordered to pay the filing fees in that action, or the case would be dismissed. Plaintiff indicates in his Letter to the Clerk that he is now paying the filing fees in the present action "for the purpose of 'reopening' a civil case claims [sic] under number CV 08-05761, the payment is attached, hereto this civil matter under case number CV 19-08217-GW (PLA)." (ECF No. 1 at 21). In the 2019 action that plaintiff filed immediately prior to the present action, Case No. CV 19-08217, plaintiff's request to proceed without prepayment of the filing fees was denied in an Order issued on September 30, 2019. (Case No. CV 19-08217, ECF No. 4). The 2008 action that plaintiff also references in his Letter to the Clerk, Case No. CV 08-05761, was closed on September 17, 2008, because plaintiff's request for leave to proceed without prepayment of the filing fees in that action was denied for an inadequate showing of indigency. Plaintiff's present action appears to be an attempt to "re-open" his 2019 case, Case No. CV 19-08217 or possibly his 2008 case, Case No. CV 08-05761.

In the 2019 action, Case No. CV 19-08217, plaintiff's request to proceed without prepayment of the filing fees was denied on the grounds that plaintiff's filing history in this Court and in the Ninth Circuit Court of Appeals reflects that plaintiff, while incarcerated, has had more than three prior actions dismissed for failure to state a claim upon which relief may be granted or which were found to be frivolous within the meaning of 28 U.S.C. § 1915(g). Accordingly, plaintiff was not entitled to proceed in Case No. CV 19-08217 without prepayment of the full filing fees. In the Order issued September 30, 2019, plaintiff was ordered to prepay the filing fees no later than October 30, 2019, or the 2019 action would be dismissed. (Case No. CV 19-08217, ECF No. 4). Plaintiff did not pay the filing fees in the 2019 action prior to the deadline, and he did not ask for an extension of time in which to do so. Accordingly, on November 8, 2019, the Court issued an Order Dismissing Case Without Prejudice on the grounds that plaintiff had failed to timely pay the filing fees in accordance with the Court's Order of September 30, 2019. (Case No. CV 19-

08217, ECF No. 6). After his 2019 action was closed on November 8, 2019, plaintiff took no further action in that case.

In the present action, plaintiff names as defendants the California State Prison Los Angeles County ("CSP-LAC"); the California Department of Corrections and Rehabilitation Secretary or Director Tilton; CSP-LAC Warden Ayers; and Captain Kittner, Lieutenant Campbell, Sergeant Gorey, Sergeant Reume, and Officer Soto, all of whom are alleged to have been employed at CSP-LAC. (ECF No. 1 at 6-8). These are the same defendants whom plaintiff named in Case No. CV 19-08217, as well as in another earlier action that he filed in this Court, Case No. CV 19-07045. These also are the same defendants whom plaintiff named in the 2008 action. (See Case No. CV 08-05761, ECF No. 2). Plaintiff's claims in the present action arise from incidents that occurred while plaintiff was incarcerated at CSP-LAC. (ECF No. 1 at 12). Plaintiff alleges incident dates in this action of November 18, 1999, and December 27, 2005. (*Id.* at 6). In the body of the Complaint, plaintiff also alleges events that occurred on April 5, 2006 (*id.* at 6-7, 13-14), April 14, 2006 (*id.* at 8, 13), April 28, 2006 (*id.* at 15), June 5, 2006 (*id.* at 16), December 8, 2006 (*id.* at 19), and December 27, 2006 (*id.* at 16). In a Declaration from plaintiff attached to the Complaint, plaintiff references administrative grievances that he states he prepared between April 14, 2006, and June 6, 2007. (*Id.* at 20). No event is alleged in the Complaint to have occurred after December 2006. Based on the face of the pleading, it thus appears that this action must be dismissed because plaintiff's claims are barred by the statute of limitations.

On August 28, 2020, the Magistrate Judge issued an Order to Show Cause Re: Dismissal of Action as Time Barred ("OSC"). Plaintiff was ordered to file a written response showing why this action should not be summarily dismissed as time-barred by no later than September 18, 2020. (ECF No. 11). Plaintiff was granted two extensions of time in which to respond to the OSC. (ECF Nos. 12-15). Plaintiff filed an "Opposition" to the OSC on November 25, 2020. (ECF No. 16, "Opposition"). The Magistrate Judge subsequently discharged the OSC.

/

/

/

**II.**

**DISCUSSION**

Because plaintiff is proceeding *pro se* in this civil rights action, the Court has construed plaintiff's Opposition liberally. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (noting that, a "document filed *pro se* is 'to be liberally construed'"). Plaintiff argues that because his 2008 case (Case No. CV 08-5761) was dismissed without prejudice on the grounds that he had made an inadequate showing of indigency, he should be allowed to "come back at a later day to pay the filing fee" from his earlier action. (ECF No. 16 at 2). Further, plaintiff argues that the statute of limitations should not apply to the claims that he is alleging in this action because he has been suffering from a disability of imprisonment (*id.* at 3); he "has been subjected to enhance [sic] psychiatric care and treatment" (*id.* at 3); and his multiple transfers between facilities made it impossible for him to prosecute his case (*id.* at 3-4).

Plaintiff's arguments are unavailing. As set forth in the OSC, plaintiff is entitled to statutory tolling under California law arising from his continuous incarceration. Such tolling, however, is limited to a maximum of two years. See Cal. Civ. Proc. Code § 352.1. All of the claims raised in this action accrued many years prior to July 2016 (which is four years prior to the date of the filing of the instant action, i.e., two year statute of limitations plus two years of statutory tolling). (See ECF No. 11 at 4-5). Accordingly, the claims that plaintiff is bringing in this action arising from events that occurred *between 1999 and December 2006* clearly are time-barred absent an entitlement to equitable tolling. To the extent that plaintiff is arguing in his Opposition that he is entitled to equitable tolling based on mental health treatment he has received while incarcerated or because his transfers have limited his access to either his legal files or legal resources to pursue his civil claims, his arguments are belied by plaintiff's long record of filing civil actions in this Court. As noted in the OSC, in plaintiff's 2019 action (Case No. CV 19-08217), plaintiff's request to proceed without prepayment of the filing fees was denied based on plaintiff's filing history. In Case No. CV 19-08217, the Magistrate Judge reviewed the cases that plaintiff had filed since his incarceration through September 2019, and found that plaintiff had had more than three cases dismissed for failure to state a claim and/or that had been deemed to be frivolous. It

additionally was noted that plaintiff had filed several actions since 2008 in which he had made an inadequate showing of indigency. (Case No. CV 19-08217, ECF No. 4). The fact that plaintiff has been able to file multiple prior civil actions while incarcerated, including at least two in 2019, simply does not support plaintiff's assertion that he has been prevented since 2008 by either his mental health treatment or frequent prison transfers from proceeding in this Court with the claims that he first raised in his Case No. CV 08-05761.

Moreover, the claims that plaintiff is raising in this action are nearly identical to the claims against the same defendants that plaintiff raised in earlier actions in this Court. Those claims already have been found to be barred by the statute of limitations in Case No. CV 19-07045. (Case No. CV 19-07045, ECF No. 5; see also Case No. CV 19-08217, ECF No. 4 at 4, n.4 (noting that the claims raised therein also were subject to dismissal as barred by the statute of limitations)).

Accordingly, after careful consideration of the Complaint and plaintiff's Opposition to the OSC, the Court finds that plaintiff has presented no argument or new facts in his Opposition that point to any plausible grounds that conceivably would entitle plaintiff to the many years of equitable tolling necessary to render the claims he is attempting to raise in this action timely. Nor has plaintiff made any showing that he was prevented from raising the arguments he now raises in his Opposition to the OSC in this action in connection with the earlier dismissals of Case No. CV 19-07045 or Case No. CV 19-08217. Therefore, the Court finds that it is clear from the face of plaintiff's pleading that all of the claims plaintiff is raising in this action have long been barred by the statute of limitations.

/

/

/

/

/

/

/

III.

**ORDER**

IT IS THEREFORE ORDERED that this action is **dismissed** with prejudice for the reasons stated above.

DATED: December 8, 2020

HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE